C. T. BATES, Adm'r., v. JAMES ELROD et al.

1, LIMITATION. *Administration Request for delay.* The delay of a creditor at the request of an administrator under the Code, secs. 2280, 2785, does not prevent the running of the general statute of limitations.

2. SAME. *Same. Insolvent estate. Suggestion and advertisement.* It is not the suggestion of insolvency of an estate in the county court, but the suggestion and advertisement thereof under the order of the clerk which operate as an injunction, and constitute the institution of a suit for the administration of the estate, and the best, and perhaps only evidence of the fact, except by consent of parties, is a certified copy of the record.

FROM MADISON.

Appeal from the Chancery Court at Jackson. T. C. MUSE, Ch.

J. L. H. TOMLIN for complainant.

JNO. W. BUFORD and MCCORRY & BOND for defendants.

COOPER, J., delivered the opinion of the court.

Austin W. Elrod died intestate in March, 1875, and on the sixth of the following month, the complainant, C. T. Bates, became the administrator of his estate. On September 13, 1881, this bill was filed against the heirs and creditors of the intestate to administer the estate under the insolvent laws. Such proceedings were had, that, upon a reference, a report

Bates *v.* Elrod.

was made on the claims which had been filed by cred-itors. Among these claims the master allowed against the estate two notes in favor of B. Barr executed by the intestate in 1870 and 1871 respectively, payable one day after date. And the master also allowed several accounts filed by D. H. King, the items of which ran from 1871 to 1875. Exceptions were filed "by the defendants, especially King," to the allow-ance of the claims of Barr, upon the ground that they were barred by the statutes of limitation of two and a half, six and seven years. The complainant filed exceptions to the allowance of King's claims upon the ground that they were barred by the statutes of two and a half and six years. The chancellor over-ruled the exceptions of the defendants, and sustained the exception of the complainant. King appealed specially from these rulings. The Referees report that both set of exceptions should be allowed, the claims of each of the creditors being barred by the statute of limitations. The complainant and appellant both except to the report.

The notes of Barr were filed in this cause on December 12, 1881, less than seven years after the death of the intestate, but more than six years after the accrual of the right of action, excluding the time between the death of the intestate and the grant of letters of administration, and the following six months: Code, sec. 2760. There is evidence tending to show that Barr delayed to bring suit at the special request of the administrator. Whether the delay was "for a definite time," so that the time of delay should not

be counted in the period of limitations, under the Code, secs. 2280, 2784, may admit of doubt: *Ricketts* v. *Ricketts*, 4 Lea, 163. Be this as it may, the delay allowed only applies to the limitation of two and three years specially provided for the protection of the estates of decedents: Code, sec. 2785. It has no effect upon the general limitation of six years on notes. The administrator, it is true, need not plead the general statute of limitations: *Brown* v. *Porter*, 7 Hum., 373. But the heirs, or any of them, may plead the statute, and the other creditors may rely upon the plea, even if the personal representatives decline to do so: *Peck* v, *Wheaton*, M. & Y., 353; *Bloom* v. *Cate*, 7 Lea, 472. And therefore it has been properly held that the request of the personal representative for delay of suit does not prevent the bar of the statute of six years: *Loyd* v. *Loyd*, 9 Baxt., 406.

The claims of King were filed in this case on June 26, 1882. *Prima facie*, they were barred by all the statutes. But the creditor contends that his claims were filed in the county court within time, and that the bar was thereby saved. The accounts of King have an endorsement upon them, signed by the administrator, showing that they were presented to him on April 29, 1876; and a further endorsement thus; "Filed April 4, 1877. S. D. Barrett, clerk." And King testifies that the administrator told him to file the claims with the clerk of the county court. Neither the presentation to the administrator, nor the filing with the clerk would of themselves prevent the runing of the statute. The law expressly requires the

commencement of an action within the time prescribed, continuously prosecuted, except in cases falling within the provisions of the Code, sec. 2755, of which this is not one. If, indeed, the suggestion of insolvency be made in the county court, and followed by an order of the clerk on the administrator to make publication for creditors as prescribed by the Code, sec. 2330, and publication be made accordingly, the proceedings would be the institution of a suit in that court for the administration of the estate, and the filing of a claim by any creditor would stop the running of the statute. And a subsequent transfer of the proceedings to the chancery court would carry the claims into that court. But it is the suggestion of insolvency "and advertisement thereof" which operate as an injunction against the bringing of any suit against the administrator thereafter: Code, sec. 2332. No time is fixed by law for the suggestion of the insolvency of the estate, and, if the assets are sufficient to give the court of chancery jurisdiction, the suggestion is generally made on the eve of the filing the bill, and merely as a preliminary form. There is no testimony in this record to show when the suggestion of insolvency was made to the county court in this case, nor that any step was taken thereunder in that court. The best, and perhaps the only evidence, except by consent of parties, of the fact of insolvent proceedings in the county court is the production of a certified copy of ths record. But there is no evidence on the subject in this case. And the claims themselves show an independent filing in the chancery

court, which would have been unnecessary if there had been any transfer of proceedings from the county court to that court.

The report of the Referees must be confirmed, the decree below modified, and the exception to both claims sustained. The costs will be taxed as directed by the Referees.